IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roberta Phillips, ) | |
| ) | C/A No. 3:11-1085-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      Plaintiff Roberta Phillips brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for a period of disability and disability insurance benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to Magistrate Judge Joseph R. McCrorey for pretrial handling. On August 14, 2012, the Magistrate Judge issued a Report and Recommendation in which he determined that the Commissioner's decision was not supported by substantial evidence. Accordingly, the Magistrate Judge recommended that the case be remanded to the Commissioner for further proceedings. No party filed objections to the Report and Recommendation. On September 7, 2012, the court remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

      This matter now is before the court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which motion was filed December 10, 2012. Counsel moves for attorneys' fees in the amount of $5,580.00. On December 14, 2012 the Commissioner filed a response in opposition to Plaintiff's motion, to which Plaintiff filed a reply on December 26, 2012. The Commissioner asserts that Plaintiff's motion should be denied because the Commissioner's position was substantially justified.

I. FACTS

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on December 21, 2006, alleging disability beginning October 31, 2004. After a hearing, an Administrative Law Judge (ALJ) issued a decision on August 10, 2009, in which he determined that Plaintiff has the following severe impairments: fibromyalgia, cervical disc disease, obesity, depression, and anxiety. The ALJ further determined that Plaintiff has the residual functional capacity to perform medium work. Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, from October 31, 2004 through the date of the decision. The ALJ's findings became the final decision of the Commissioner on March 10, 2011 after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

On judicial review, Plaintiff contended that the ALJ erred (1) by giving little weight to the medical opinions of Drs. Tracy and Wieder, Plaintiff's treating physicians; (2) by improperly relying on vocational expert testimony; and (3) by failing to properly evaluate Plaintiff's credibility. As to the first issue, the Magistrate Judge noted that the medical opinion of a treating physician is entitled to controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. The Magistrate Judge found that substantial evidence supported the ALJ's decision to discount Dr. Wieder's opinion, but that substantial evidence did not support the ALJ's decision to discount Dr. Tracy's opinion. The Magistrate Judge noted that Dr. Tracy stated objective reasons for his diagnoses, including that Plaintiff's conditions were confirmed by x-ray findings, examinations, and symptoms of fibromyalgia

and fatigue being present for five years. Dr. Tracy noted that he had not been able to completely relieve Plaintiff's pain with medication and that her Plaintiff would not be able to perform a full-time competitive job that required activity on a sustained basis. The Magistrate Judge also disputed the ALJ's finding that Plaintiff's pain level improved with medication, noting that Plaintiff consistently reported to Dr. Tracy pain levels of seven, eight, and nine out of ten.

As to the second issue, the Magistrate Judge observed that there is a conflict between the Dictionary of Occupational Titles and the vocational expert's testimony in that each of the three jobs identified by the vocational expert requires a reasoning level higher than allowed by the ALJ's limitation of Plaintiff to simple, one to two step tasks. The Magistrate Judge found that it is unclear from the vocational expert's testimony and the ALJ's decision that there are jobs existing in significant numbers in the national economy that Plaintiff can perform with the limitation to one- to two-step tasks.

As to the third issue, the Magistrate Judge noted that the ALJ discounted Plaintiff's credibility, at least in part, based on the medical record. Thus, the Magistrate Judge recommended that the ALJ consider Plaintiff's credibility in light of all the evidence.

## II. DISCUSSION

The Commissioner contends that the court should not award attorney's fees under the EAJA because the government's position in defending the ALJ's decision was substantially justified. See 28 U.S.C. § 2412(d)(1)(A) (providing for an award of fees, expenses, and costs incurred by a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award

unjust"). A position taken by the Commissioner is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 422, 565 (1988).

The Commissioner argues that The Commissioner's position was not substantially justified. According to the Commissioner, a reasonable person could conclude that the record as a whole substantially supported the ALJ's decision to afford little weight to Dr. Tracy's opinions. However, as the Magistrate Judge observed, Dr. Tracy stated objective reasons for his opinion that Plaintiff's prognosis was poor and that her experience of pain, fatigue, or other symptoms was severe enough to interfere with attention and concentration. Moreover, the record is unclear as to why the ALJ discounted Dr. Tracy's opinion on other grounds, i.e., that Dr. Tracy was overly sympathetic to Plaintiff and because his opinion did not comply with SSR Ruling 00-4p, which clarifies standards for the use of vocational experts and specialists. The Commissioner's position on this issue was not substantially justified.

The Commissioner also argues that a reasonable person could conclude that the vocational expert's testimony was not inconsistent with the Dictionary of Occupational Titles. However, as the Magistrate Judge noted, the ALJ's limiting Plaintiff to "simple, one to two step tasks" correlates with a reasoning level of one. The jobs identified by the vocational expert require a reasoning level or two or three. The Commissioner's position on this issue was not substantially justified.

### III. CONCLUSION

Plaintiff's motion for fees under the EAJA (ECF No. 24) is **granted** in the amount of $5,580.00, to be paid directly to Plaintiff, as required by Astrue v. Ratliff, 130 S. Ct. 2521 (2010), unless the Commissioner waives the provisions of the Anti-Assignment Act, as set forth in Deitz v.

Astrue, 2011 WL 4368377 (W.D.N.C. Sept. 19, 2011).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 29, 2013